# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| THE STATE OF TEXAS; TEXAS HEALTH AND HUMAN SERVICES COMMISSION, §§§§§§§§§§§§§§ | |
| Plaintiffs, | |
| v. | Case No. 6:21-cv-00191 |
| CHIQUITA BROOKS-LASURE, in her official capacity as Administrator of the Centers for Medicare & Medicaid Services, *et al.*, | |
| Defendants. | |

## PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER

For the reasons stated in their Motion for Preliminary Injunction, ECF No. 11, which they incorporate by reference, the Plaintiffs move that the Court issue a temporary restraining order (1) forbidding Defendants from implementing or otherwise enforcing Acting Administrator Richter's April 16, 2021, letter and (2) requiring Defendants to abide by the terms and conditions of the Texas Healthcare Transformation and Quality Improvement Program (Waiver No. 11-W-00278/6) as approved by Defendants in the January 15, 2021, letter from Seema Verma, Administrator of the Centers for Medicare & Medicaid Services, and agreed to by Plaintiffs in the January 15, 2021, letter from Cecile Erwin Young of the Texas Health and Human Services Commission. These conditions include working in good faith to achieve approval of certain directed-payment programs.

Defendants request the Court issue this order as soon as possible, but in any event no later than August 12, 2021. Defendants recognize that this date is earlier than that specified in their motion for a preliminary injunction. This is necessitated by developments since the motion was

filed. Specifically, at that time, HHSC appeared to be on track to receive the approval of a number of directed-payment programs in time for them to be included in rates that would be paid to providers during the fiscal year that begins on September 1, 2021. As explained in the attached declaration of Victoria Grady, these approvals occur on a yearly basis and should have been received well before now. CMS has not, however, been complying with the special terms and conditions of the waiver approved in January to consult with HHSC to work through any problems with the requested approval. Due to limitations of HHSC's software (of which CMS is and has been fully aware), HHSC is already going to have difficulties inputting the rates in time to make September 1 payments to healthcare providers.

  Plaintiffs agreed to a brief delay of the date for a hearing on their motion for a preliminary injunction in the hopes that good-faith negotiation would obviate the need for immediate relief from this Court. Those discussions have failed. Now, every day of additional delay makes ensuring that healthcare providers may receive payments on September 1 more difficult and begins to endanger October 1 payments as well.

Dated August 11, 2021.                                     Respectfully submitted,

| | |
|---|---|
| KEN PAXTON<br>Attorney General of Texas | /s/ *Judd E. Stone II*<br>JUDD E. STONE II<br>Solicitor General |
| BRENT WEBSTER<br>First Assistant Attorney General | *Lead Counsel*<br>Texas Bar No. 24076720<br>Judd.Stone@oag.texas.gov |
| GRANT DORFMAN<br>Deputy First Assistant<br>  Attorney General | LANORA C. PETTIT<br>Principal Deputy Solicitor General<br>Texas Bar No. 24115221 |
| LESLEY FRENCH<br>Chief of Staff | BENJAMIN D. WILSON<br>Deputy Solicitor General<br>Texas Bar No. 24084105 |
| PATRICK SWEETEN<br>Chief, Special Litigation Unit | WILLIAM T. THOMPSON<br>Deputy Chief, Special Litigation Unit<br>Texas Bar No. 24088531 |
| OFFICE OF THE ATTORNEY GENERAL<br>P.O. Box 12548 (MC-059)<br>Austin, Texas 78711-2548<br>Tel.: (512) 936-1700<br>Fax: (512) 474-2697 | JEFFREY M. WHITE<br>Special Counsel for Special Litigation<br>Texas Bar No. 24064380<br><br>*Counsel for Plaintiffs* |

### CERTIFICATE OF SERVICE

I certify that on August 11, 2021, this document was filed with the Court through its CM/ECF service, which served a copy on all counsel of record.

/s/ *Judd E. Stone II*
JUDD E. STONE II

### CERTIFICATE OF CONFERENCE

I certify that Plaintiffs have complied with the meet and confer requirement set forth in Local Rule CV-7(h). Following previous discussions during the week of August 2 regarding Plaintiffs' intention, should settlement discussions break down, to request a TRO on the same basis as it requested a preliminary injunction, Judd E. Stone II, counsel for Plaintiffs, and Keri L. Berman, counsel for Defendants, conferred by telephone on August 2 and by e-mail on August 3

3

regarding Plaintiffs' intention to file this motion. For the same reasons they could not reach an agreement on Plaintiffs' motion for a preliminary injunction, they could not reach an agreement on this motion. Judd E. Stone II, counsel for Plaintiffs, subsequently informed Kerri L. Berman, counsel for Defendants, via email on August 11, 2021, that Plaintiffs intended to promptly seek this TRO.

                                                                              /s/ *Judd E. Stone II*
                                                                              JUDD E. STONE II