# Defendants' Exhibit 8
## Supplemental Declaration of Judith Cash

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| THE STATE OF TEXAS; TEXAS HEALTH AND HUMAN SERVICES COMMISSION<br><br>　　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>CHIQUITA BROOKS-LASURE, in her official capacity as Administrator of the Centers for Medicare & Medicaid Services, et al.<br><br>　　　　　　　　　　　Defendants. | Case No.: 6:21-cv-00191 |

## SUPPLEMENTAL DECLARATION OF JUDITH CASH

I, Judith Cash of the Center for Medicaid and CHIP Services (CMCS) at the Centers for Medicare & Medicaid Services (CMS), previously submitted a Declaration in this case, ECF No. 23-3, and incorporate by reference all of my statements in that Declaration. I declare that the following supplemental statements are true and correct to the best of my knowledge and belief, and that they are based on my personal knowledge as well as information provided to me in the ordinary course of my duties.

　　　1.　　Due to the nature of my official duties, I am familiar with decision-making processes at CMCS and the process for approving applications for Medicaid section 1115 demonstration projects, as well as applications to extend or amend approved projects.

1

2. The Departmental Appeals Board's (DAB) regulations provide that, once a state files an appeal before the DAB, CMS "shall take no action to implement the final decision appealed." 45 C.F.R. § 16.22. CMS notified Texas on April 16, 2021 that CMS's January 15, 2021 approval of Texas's extension application for its section 1115 Medicaid demonstration project was unlawful. Texas filed its DAB appeal challenging CMS's April 16 letter on May 14, 2021. Since Texas filed its DAB appeal on May 14, 2021, CMS has taken no action on its April 16, 2021 letter and has proceeded on the assumption that the January 2021 approval will remain in effect while the DAB appeal is pending.

## DELIVERY SYSTEM REFORM INCENTIVE PAYMENT (DSRIP) POOL

3. As stated in my previous Declaration, Texas did not submit an amendment to the demonstration to extend DSRIP. Texas sent a letter to the CMS Administrator purporting to request that "CMS extend the DSRIP program with $2.49 billion in continued funding for the final demonstration year of the current 1115 Healthcare Transformation Waiver" on October 16, 2020. Grady Decl., Ex. B, at 4, ECF No. 29-1. That letter did not constitute an application under CMS's regulations, *see* 42 C.F.R. § 431.412, or include any of the application materials provided on CMS's website. *See* CMS, 1115 Application Process, https://www.medicaid.gov/medicaid/section-1115-demonstrations/1115-application-process/index.html. When Texas submitted its extension application for its demonstration project on November 30, 2020, Texas stated that it was not requesting to extend DSRIP. *See* First Cash Decl., Ex. E, at 4, ECF No. 23-3 ("There are no proposed changes to the healthcare delivery system under the demonstration."). Accordingly, CMS does not consider the October 16, 2020 letter from Texas to be a request for an extension of Texas's DSRIP program.

**STATE DIRECTED PAYMENTS**

4.  Texas's state directed payments are separate from the January 15, 2021 approval at issue in this litigation.  While the special terms and conditions (STCs) included with the January 15 Letter include goal timelines for CMS and Texas to discuss Texas's state directed payment requests, they expressly state that "[d]escription of a particular state directed payment in these STCs does not qualify as CMS approval, nor does it negate the approval and other requirements of 42 C.F.R. § 438.6(c)."  Grady Decl., Ex. C, at 32 of 74, ECF No. 29-1 (STC 29).  The STCs do not prescribe a deadline for CMS to approve (or disapprove) Texas's requested state directed payments, nor do they require CMS to approve those requested payments at all.  STCs 30 to 34 outline CMS's review process for Texas's requests for state directed payments.  *See* Grady Decl., Ex. C, at 32–33 of 74, ECF No. 29-1.  To the extent those STCs create obligations for CMS in reviewing Texas's requested state directed payments, CMS has complied with those requirements.

5.  STC 30 provides generally that "the state and CMS will work collaboratively towards consideration of approval of state requests and will adhere to the milestones outlined in the subsequent STCs."  *Id.*, Ex. C, at 32 of 74, ECF No. 29-1.  CMS has worked collaboratively and in good faith with Texas in reviewing Texas's requested state directed payments, as set forth in the table below.

6.  STC 31 provides that CMS will furnish its requests for information that CMS needs to assist it in evaluating Texas's requested state directed payments to Texas within 30 calendar days of receiving Texas's completed request.  *Id*.  As demonstrated in the table below, Texas submitted requests for five state directed payments, each which CMS deemed complete between March 19 and April 1, 2021.  CMS thereafter engaged in phone calls with Texas and

3

made a good-faith effort to furnish requests for information to Texas within 30 days of deeming Texas's request to be complete.

7. STC 32 provides that "Texas will provide responses in writing" to CMS's requests for more information "within 15 calendar days following receipt of the requests for additional information." *Id*. This STC does not impose any obligation on CMS.

8. STC 33 provides that CMS will "evaluate any information provided by the state by phone or in writing," that "[i]f CMS determines that the request for approval is complete and complies with the requirements of 438.6(c), CMS will notify the state in writing within 20 calendar days of receipt of the state submitting complete responses to requests for information that CMS anticipates issuing a formal decision letter within 20 calendar days." *Id.*, Ex. C, at 32–33 of 74, ECF No. 29-1. That STC further provides that "[i]f CMS identifies any outstanding matters that need technical or substantive modification in order for CMS to make a final decision, CMS will identify the matters and provide notification to the state in writing within 20 calendar days of receipt of the state submitting complete responses to requests for information." *Id*. This STC does not require CMS to approve or disapprove Texas's state directed payment requests by a certain deadline. CMS has complied with this STC. After receiving Texas's responses to the Round 1 questions, CMS submitted a second round of questions, working in good faith to try to respond to Texas's responses within the 20-day goal. CMS also submitted a third round of questions about Texas's CHIRP state directed payment request, as shown in the table below.

9. STC 34 provides that "[i]f the state is notified by CMS that further modifications to the request are required, CMS and the state will meet by phone or other means at least every 2 business days until final consideration of the proposal." *Id.*, Ex. C, at 33 of 74, ECF No. 29-1.

4

CMS has not engaged in phone calls with Texas every two business days because it has not yet concluded that "further modifications to the request are required."

10. To the extent the STCs impose specific requirements on CMS, CMS has worked in good faith to comply with these timelines. A chart showing CMS's engagement with Texas on its requested state directed payments is provided below:

|  | **CHIRP** | **QIPP** | **TIPPS** | **RAPPS** | **BHS** |
|---|---|---|---|---|---|
| Submission Date from Texas | 3/8/21 | 3/11/21 | 3/5/21 | 3/25/21 | 3/29/21 |
| CMS Determined Submission Complete (CMS E-mail to Texas) | 3/19/21 | 3/24/21 | 3/22/21 | 3/30/21 | 4/1/21 |
| Call with Texas and CMS/DMCP for General Overview of CHIRP and TIPPS Submissions | 3/23/21 | n/a | 3/23/21 | n/a | n/a |
| Calls with Texas and CMS Federal Review Team (FRT) to Discuss Submissions | 3/29/21 | 3/31/21 | 3/31/21 | 4/8/21 | 4/8/21 |
| CMS Round 1 Questions Sent to State (CMS E-mail to Texas) | 4/21/21 | 4/30/21 | 5/7/21 | 5/21/21 | 5/14/21 |
| State Responses to Round 1 Questions Received By CMS (E-mail from Texas) | 5/5/21 | 5/14/21 | 5/21/21 | 6/4/21 | 5/28/21 |
| CMS Round 2 Questions Sent to | 5/28/21 | 6/8/21 | 6/17/21 | 7/1/21 | 6/25/21 |

| | | | | | |
|---|---|---|---|---|---|
| State (CMS E-mail to Texas) | | | | | |
| State Responses to Round 2 Questions (E-mail from Texas) | 6/11/21 | 6/21/21 | 7/1/21 | 7/8/21 | 7/6/21 |
| CMS Round 3 Questions Sent to State (CMS E-mail to Texas) | 7/8/21 | n/a | n/a | n/a | n/a |
| State Responses to Round 3 Questions (E-mail from Texas) | 7/14/21 | n/a | n/a | n/a | n/a |

11. Other than setting forth procedures for CMS's review of Texas's requested state directed payments as outlined above, the January 2021 approval extending Texas's 1115 demonstration project did not obligate CMS to take any particular action with respect to those requested state directed payments.

**CMS'S ACTIONS RELATED TO THE PUBLIC HEALTH PROVIDERS CHARITY CARE POOL (PHP-CCP)**

12. The STCs included with CMS's January 15 Letter do not require CMS to take any action on the new uncompensated care pool included in that approval, the Public Health Providers Charity Care Pool (PHP-CCP). Those STCs set forth several deliverables that Texas must meet throughout the life of the demonstration project, but they do not require CMS to take any action when it receives those deliverables from Texas.

13. STC 39(b) requires Texas's Health and Human Services Commission (HHSC) to "revise, test, and obtain CMS approval of the application tools used to collect the information needed to determine the eligibility of providers to participate in the PHP-CCP pool and their eligible uncompensated costs" by June 30, 2021. Grady Decl., Ex. C, at 37 of 74, ECF No. 29-1.

And it provides that "CMS and Texas will work collaboratively with the expectation of CMS approval of the protocol within 90 calendar days after it receives" Texas's submitted application tools. *Id.* That STC does not impose a mandatory deadline on CMS, and CMS regards these timelines as goals. Texas submitted the PHP-CCP "provider tools" to CMS on June 30, 2021, the deadline set forth in STC 39(b) for Texas to "revise, test, and obtain CMS approval" of those tools. CMS has not yet acted on that submission, and 90 days have not passed since Texas submitted those provider tools.

14. STC 39(b) also requires Texas to submit proposed rules and guidelines for it to claim federal funds for the PHP-CCP for the October 1, 2022 through September 30, 2023 demonstration year, referred to as "revised Attachment T," for CMS's approval by August 31, 2021. Texas also submitted the revised Attachment T to CMS on June 30, 2021. The provision that "CMS and Texas will work collaboratively with the expectation of CMS approval of the protocol within 90 calendar days" also applies to Texas's revised Attachment T. CMS has not yet acted on that submission and 90 days have not passed since Texas submitted that revised Attachment T.

15. STC 39(e) contains additional milestones that Texas must meet in implementing its PHP-CCP and sets forth financial penalties that CMS would apply if Texas fails to meet one or more of those milestones. Subsection (e) requires Texas to begin a state-level administrative rulemaking process related to its PHP-CCP no later than May 21, 2021; to submit revised PHP-CCP application tools to CMS by February 28, 2022; and to publish the final rule based on that administrative rulemaking process by July 31, 2022, with an effective date no later than September 30, 2022. Subsection (e) does not impose any obligations or deadlines on CMS.

7

16. Texas has also submitted quarterly payment reports, as required under STC 37(b), *see* Grady Decl., Ex. C, at 34 of 74, ECF No. 29-1, for the first and second quarters of 2021 on March 1, 2021, and May 27, 2021, respectively. Texas received acknowledgement from CMS's Performance Management Database and Analytics System (PMDA) for both of those submissions. CMS accepted Texas's second quarter report on PMDA on July 6, 2021, though it has not yet accepted Texas's first quarter report.

### CMS'S APPROVAL OF TEXAS'S NON-EMERGENCY MEDICAL TRANSPORTATION (NEMT) AMENDMENT

17. On June 8, 2021, CMS approved an amendment to Texas's 1115 demonstration project (THTQIP) authorizing the provision of Non-Emergency Medical Transportation services. Grady Decl., Ex. F, at1, ECF No. 29-1. That amendment approval, including the length of time of that approval, is separate from and unrelated to the January 2021 extension approval at issue in this litigation.

### OTHER DELIVERABLES RELATED TO MONITORING AND OVERSIGHT

18. The STCs also require Texas to submit other documents for monitoring and evaluation purposes. For example, under STC 74, Texas is required to submit quarterly monitoring reports within 60 days after the end of each demonstration quarter. Grady Decl., Ex. C, at 68–69 of 74, ECF No. 29-1. Texas submitted its monitoring report for the first quarter of 2021 on July 6, 2021, which includes January through March 2021, the first quarter after the January 15, 2021 extension approval. Prior to submitting that report, Texas requested, and CMS granted an extension of the June 1, 2021 deadline for filing that report. Texas received a notification from CMS's PMDA when it submitted that report.

19. STC 82 requires Texas to submit a Draft Evaluation Design within 180 days after the date CMS approves Texas's extension request. *Id.*, Ex. C, at 71 of 74, ECF No. 29-1. Texas

timely submitted that Draft Evaluation Design on July 14, 2021.  And while the STCs do no impose any deadline for CMS to respond or provide feedback on that Draft Evaluation Design, *see id.*, CMS has engaged with the state about that document.  On July 22, 2021, CMS officials attended a conference call with Texas officials related to the state's July 14, 2021 Draft Evaluation Design.  The purpose for that conference call was for Texas to provide a high-level overview of its demonstration project as amended on January 15, 2021.

_____            _____
Date                                                                            JUDITH CASH