**U.S. Department of Justice**

Civil Division, Federal Programs Branch

---

Keri Berman  
Trial Attorney

Tel.: (202) 305-7538  
E-mail: keri.l.berman@usdoj.gov

April 4, 2022

Hon. J. Campbell Barker  
United States District Court  
Eastern District of Texas  
211 West Ferguson Street, Room 106  
Tyler, TX 75702

        Re:    Response to March 28, 2022 Order in *Texas, et al. v. Brooks-LaSure, et al.*, 6:21-cv-0191

Dear Judge Barker:

      I represent the defendants in the above-captioned case. Pursuant to the Court's Order of March 28, 2022, ECF No. 101, Defendants respectfully advise the Court that the Centers for Medicare & Medicaid Services' (CMS) recent approval of Plaintiffs' three requests for approval of State Directed Payment Programs (SDPs) for the 2022 Texas Medicaid plan year, ECF No. 100, renders moot Count 9 of Plaintiffs' First Amended Complaint, ECF No. 54. The Court can and should dismiss Count 9 for lack of jurisdiction because it is moot. Notwithstanding this recent action, Defendants maintain that Count 9 would also be subject to dismissal for the reasons articulated in Defendants' Partial Motion for Judgment on the Pleadings, ECF No. 67. However, if the Court dismisses Count 9 as moot, it need not address the aspects of Defendants' Partial Motion for Judgment on the Pleadings that seek dismissal of Count 9 on other grounds.

      Count 9 of the Amended Complaint requests 1) "an injunction requiring that CMS comply with its obligations" under the Special Terms and Conditions (STCs) of the January 15, 2021,

demonstration project extension; 2) an injunction to "approve the directed-payment programs in a timely manner," and 3) "a declaratory judgment that the Defendants may not reject the directed-payment programs based on their size in comparison to Texas's larger Medicaid program." ECF No. 54, ¶¶ 186-87. Defendants have now approved all of the specific programs implicated by the procedures set out in the STCs, *see* ECF Nos. 79, 92, 100, including those for which approval was not dictated by the STCs, *see* Opinion and Order on Motion to Enforce Preliminary Injunction, ECF No. 97, at 17, and no further relief can be provided.

The law is clear: a claim seeking to compel agency action is rendered moot when the agency takes the action requested in the complaint. *See, e.g.*, *Singhania v. Holder*, No. 11-cv-348, 2011 U.S. Dist. LEXIS 126405, at *4-5 (N.D. Tex. Oct. 6, 2011) (a petition "to compel agency action is rendered moot when the agency takes action which grants the relief requested"); *Goldstar Home Health Sys. V. Sebelius*, Case No. 4:12-cv-906, 2013 U.S. Dist. LEXIS 85122, at *18-19 (N.D. Tex. June 17, 2013) (same); *Pedrozo v. Clinton*, 610 F. Supp. 2d 730, 734-35 (S.D. Tex. 2009) (finding plaintiff's claim to compel processing of a visa application moot when the application had been denied); *Gray v. Office of Pers. Mgmt.*, 771 F.2d 1504, 1514 (D.C. Cir. 1985) (concluding that petition to compel agency decision became moot when agency rendered its decision); *Doe v. Doe Agency*, 608 F. Supp. 2d 68, 71-72 (D.D.C. 2009) (dismissing action to compel agency to complete classification review as moot where agency had completed review); *Boening v. CIA*, 579 F. Supp. 2d 166, 172 (D.D.C. 2008) (concluding that claim to compel agency to adjudicate request within specified timeframe was moot when agency issued final decision).

Nor can Plaintiffs' Count 9 be maintained under either of the narrow exceptions to the mootness doctrine, assuming that these exceptions can even apply where a plaintiff seeks to compel agency action. First, the voluntary cessation doctrine, *see, e.g., Texas v. EEOC*, 933, F.3d

433, 449 (5th Cir. 2019), does not apply because Defendants acted pursuant to court order. Although the Court did not direct Defendants to reach a specific outcome, it did order Defendants to "issue a final decision on the three remaining proposed SDPs by March 25, 2022," which is the decision Plaintiffs alleged was being unlawfully withheld or unreasonably delayed, *see* ECF No. 97. Second, the "capable of repetition but evading review" doctrine, which is reserved for "exceptional situations," is inapplicable. *Spell v. Edwards*, 962 F.3d 175, 180 (5th Cir. 2020). This doctrine only applies, among other things, when "the challenged action is in its duration too short to be fully litigated prior to its cessation or expiration." *Id.* (citation omitted). That "injury must be a type inherently limited in duration so that it would generally become moot before the federal litigation is finished." *Doe v. Louisiana Supreme Court*, Case No. 91-1635, 1992 U.S. Dist. LEXIS 18803 at *14 (E.D. La. Dec. 7, 1992); *see also Laurenzo v. Miss. H.S. Activities Assoc.*, 662 F.2d 1117, 1120 (5th Cir. 1982) (appeal could not be concluded before the expiration of a 1-year period of ineligibility); *Doe v. Reed*, 697 F.3d 1235, 1240-41 (9th Cir. 2012) (collecting cases and explaining the nature of injuries of inherently limited duration, including cases involving pregnancy and elections). The challenged action in Count 9 has no inherent time limitation. Indeed, the thrust of Plaintiffs' allegation is that Defendants were acting too slowly and that a court order was required to compel Defendants to act more quickly. Moreover, the Court considered the substance of Count 9 and ordered relief with which Defendants have complied. Thus, the concern raised in this case is the exact opposite of that which this mootness exception was intended to address.

     For the foregoing reasons, Defendants respectfully request that the Court dismiss Count 9 of Plaintiffs' First Amended Complaint as moot.

Respectfully submitted,

/s/
Keri L. Berman

CC: All Counsel of record via ECF.